United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYSHAWN LEONTRAY HAYWOOD,<br>Plaintiff,<br>v.<br>HANT, et al.,<br>Defendants. | Case No. 26-cv-07482-SVK<br><br>**ORDER TO FILE AMENDED COMPLAINT** |

**INTRODUCTION**

Plaintiff, an inmate in the Contra Costa County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against two Contra Costa County Sherriff's deputies. Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to

state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges the toilet in his cell was broken for four days. (ECF No. 1 at 2.) He alleges he was locked in his cell for that time, where he had to eat and inhale in the presence of fecal matter in the toilet. (*Id.*) On the fourth day, a deputy (who is not named as a defendant) allegedly told him to put on protective glasses and gloves and clean out the feces and tissues himself. (*Id.* at 3.) He seeks declaratory relief and damages. (*Id.*)

A pretrial detainee's right to due process is violated if the conditions of their confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024). The court first looks to whether the disability imposed is for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. *Bell*, 441 U.S. at 538. Absent a showing of an express intent to punish, whether a condition or restriction amounts to punishment generally will turn on whether there is an alternative, rational purpose for the condition/restriction, and whether the condition/restriction appears excessive in relation to that alternative purpose. *See id.* When liberally construed, Plaintiff's allegations may state a plausible claim that the conditions in his cell violated his right to due process because they amounted to punishment.

However, Plaintiff has not alleged how either of the two named Defendants were

responsible for the alleged conditions he faced. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if a plaintiff can show the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). A person deprives another of constitutional right within meaning of Section 1983 if he does affirmative act, participates in another's affirmative act, or omits to perform an act which legally required to do, that causes the constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Plaintiff has not alleged any action, involvement, or omission by either of the two named Defendants. He has not alleged any facts supporting a reasonable inference that either Defendant caused the toilet to break or remain broken for four days, or that caused him to be instructed to fix it himself. Consequently, Plaint has not stated a plausible claim that Defendants violated his right to due process.

Plaintiff is given leave to amend his complaint, below, to allege facts that correct this problem in his complaint.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff shall file an amended complaint on or before **October 6, 2026**. The amended complaint **must be** on the court's complaint form and include the caption and civil case number used in this order (No. C 26-07482 SVK (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order may result in dismissal of this case.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of

United States District Court
Northern District of California

this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The Clerk shall mail Plaintiff two copies of the court's civil rights complaint form, instructions for completing it, and a postage-paid envelope to return the form to the court.

**IT IS SO ORDERED.**

Dated: September 2, 2026

Susan van Keulen
United States Magistrate Judge